Filed 1/8/14  In re A.G. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.G., <br><br> Defendant and Appellant. | G048148 <br><br> (Super. Ct. No. DL043281) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jane Shade, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

A police officer observed A.G. (the minor) running across a busy street, after dark, in front of oncoming traffic. The officer attempted to stop the minor to caution him regarding his violation of Vehicle Code section 21954, subdivision (a). The minor, however, ran away. The minor was eventually detained, and a petition was filed in the juvenile court, alleging that the minor had resisted arrest, in violation of Penal Code section 148, subdivision (a)(1). The juvenile court found the allegation to be true, declared the minor to be a ward of the court, and placed him on probation.

On appeal, the minor argues there was insufficient evidence he resisted arrest. He argues the officer was not lawfully engaged in the performance of his duties when he attempted to stop the minor. We reject the minor's argument. The record contains sufficient evidence that the officer witnessed the minor violating Vehicle Code section 21954, subdivision (a), by failing to yield the right-of-way to vehicles near enough to be an immediate hazard. Therefore, the juvenile court's order is affirmed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

About 9:00 p.m. on May 12, 2012, La Habra Police Officer Paul Lucifora was in his patrol car in the area of Harbor Boulevard and Stearns Avenue. Officer Lucifora saw the minor (then age 14) and a companion run from one side of Harbor Boulevard to the other, in front of passing vehicles. Officer Lucifora made a U-turn, and attempted to contact the minor and his companion, to warn them about the dangers of running in front of traffic on Harbor Boulevard, which is a very busy street, rather than using a crosswalk.

When Officer Lucifora shined his patrol car spotlight on the minor, he ran away from the patrol car and through a residential yard. Officer Lucifora, still in his patrol car, intercepted the minor in an alley; he exited the car, identified himself as a police officer, and told the minor to stop. The minor, however, continued to run away

2

from Officer Lucifora, and hid behind a truck. When Officer Lucifora located the minor, he detained him at gunpoint until other officers arrived. Officer Lucifora advised the minor of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436; the minor waived his rights and said he was scared because Officer Lucifora was a police officer, which was why he ran away.

In a petition filed pursuant to Welfare and Institutions Code section 602, it was alleged that the minor committed misdemeanor resisting arrest and obstructing a police officer. (Pen. Code, § 148, subd. (a)(1).) The juvenile court found the allegation to be true beyond a reasonable doubt. The minor was declared a ward of the court and placed on probation. The minor timely appealed from the dispositional order.

DISCUSSION

The minor argues there was insufficient evidence to support the true finding on the allegation of resisting arrest. The same substantial evidence standard of review in adult criminal cases is applicable in juvenile proceedings involving criminal acts. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.) "In considering the sufficiency of the evidence in a juvenile proceeding, the appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]'" (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089.)

With respect to the crime of resisting arrest under Penal Code section 148, subdivision (a)(1), "[t]he legal elements of that crime are as follows: "'(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably

3

should have known that the other person was a peace officer engaged in the performance of his or her duties.'" [Citation.]" (*Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 894-895.)

The minor claims there was insufficient evidence to support the true finding on the allegation that he resisted arrest because the prosecutor failed to prove Officer Lucifora was engaged in the performance of his duties when he attempted to stop the minor after witnessing him jaywalk across Harbor Boulevard. Specifically, the minor argues that the attempt to detain him was unlawful, as he had not engaged in any illegal activities. We disagree. Officer Lucifora attempted to stop the minor because he had witnessed the minor violate Vehicle Code section 21954, subdivision (a), which provides: "Every pedestrian upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway so near as to constitute an immediate hazard." Officer Lucifora testified that the minor and his companion ran across Harbor Boulevard, which is a "very busy road." The minor was not in a marked crosswalk, and ran "in front of passing vehicles." This conduct occurred about 9:00 p.m., when it was dark outside. The minor's actions constituted a violation of Vehicle Code section 21954, subdivision (a). Therefore, Officer Lucifora was acting within the scope of his duties when he attempted to stop the minor to caution him.

*People v. Ramirez* (2006) 140 Cal.App.4th 849, on which the minor relies, is easily distinguishable. In *People v. Ramirez*, the defendant pleaded guilty to carrying a concealed firearm. (*Id.* at p. 851.) He argued on appeal that the evidence of the firearm should have been suppressed because it was located during an unlawful detention for violating Vehicle Code section 21954, subdivision (a). (*People v. Ramirez*, *supra*, at pp. 851-852.) The police officer had observed the defendant walking diagonally across an intersection controlled by a four-way stop. (*Id.* at pp. 853-854.) When the police officer's patrol car pulled up to one of the stop signs at the intersection, the defendant

4

turned around and walked back across the street. (*Id.* at pp. 851-852.) When the police officer pulled up to the defendant and said he wanted to speak with him, the defendant turned and ran. (*Id.* at p. 852.)

The appellate court concluded the defendant had not violated Vehicle Code section 21954, subdivision (a), so no legal basis existed for his detention, and the search that resulted in finding the firearm was unlawful. (*People v. Ramirez, supra*, 140 Cal.App.4th at p. 854.) As to the alleged Vehicle Code violation, the court held: "The fact that Ramirez was not in a crosswalk while a car was on the roadway does not mean he was crossing in violation of section 21954, subdivision (a), only that he was required to use a high degree of care [citations], and the manner in which he was crossing did not automatically give the officer (or any motorist) the right to claim the right-of-way [citation]. The rights of pedestrians and automobile drivers are reciprocal [citation], and the only practical effect of subdivision (a) of section 21954 is that a pedestrian crossing outside a crosswalk must yield the right-of-way to passing automobiles so that he does not constitute an immediate hazard to others on the road [citation]." (*Id.* at p. 852.) Additionally, the court noted: "What did the officer see? A man crossing an intersection diagonally who was already three-quarters of the way from one side of the street to the other. There was no crosswalk, but the intersection was controlled by four-way stop signs, and the only visible vehicle was the officer's patrol car, which not even the officer suggested posed an 'immediate hazard' to either Ramirez or the officer or his vehicle or anyone else. In short, there was no violation of section 21954, subdivision (a), and there was no way that the officer could have believed there was a violation." (*Id.* at pp. 853-854.)

In the present case, by contrast, the testimony of Officer Lucifora established that the minor did present an immediate hazard to himself and others by running across a very busy street, in the dark, in front of oncoming traffic. Officer Lucifora was justified in believing the minor had violated Vehicle Code

5

section 21954, subdivision (a), and was, therefore, lawfully performing his duties when he attempted to stop the minor and caution him.

DISPOSITION

The order is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

6